1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7

ZENA MANDERVILLE,

2:10-CV-1696 JCM (GWF)

8

Plaintiff,

9

v.

10

LITTON LOAN SERVICING, et al.,

11

Defendants.

12

13

**ORDER**

14      Presently before the court is defendant Mortgage Electronic Registration Systems, Inc.'s

15  (hereinafter "MERS") motion to dismiss plaintiff's complaint. (Doc. #16). Plaintiff filed an

16  opposition. (Doc. #20). Defendant filed a reply (doc. #21) and a notice of supplemental authority

17  (doc. #36).

18      Also before the court is plaintiff's motion to amend complaint and to extend discovery

19  schedule. (Doc. #27). No opposition has been filed.

20      Plaintiff Zena Manderville's complaint (doc. #1-2) stems from the alleged wrongful

21  foreclosure of her property located at 1328 Sea Side Drive, North Las Vegas, Nevada. In March of

22  2006, plaintiff executed a deed of trust securing a note in the sum of $272,000.000, to secure

23  obligations in favor of MERS as nominee for Mandalay Mortgage, LLC, as beneficiary. (Doc. #16).

24  After experiencing financial trouble, plaintiff and defendant Litton Loan Servicing (hereinafter

25  "Litton") entered into a loan modification agreement, which was recorded on October 26, 2009. *Id.*

26  According to the complaint, Litton sent plaintiff an additional agreement which was materially

27  different from the one previously recorded. (Doc. #1-2). She asserts that she was told that she would

28

**James C. Mahan**
**U.S. District Judge**

1    have to sign the new agreement, or her property would be foreclosed upon. *Id.* Plaintiff contends that

2    she did not sign the new agreement because it contained "materially different" terms than that of the

3    original agreement.

4           Subsequently, on April 9, 2010, Litton sent plaintiff a notice of default and intent to

5    accelerate, despite plaintiff's assertion that she was not in default. *Id.* On May 26, 2010, Litton

6    caused defendant Quality Loan to record a notice of breach and default of election to cause sale of

7    real property, once again, when plaintiff was allegedly not in default. *Id.* Plaintiff asserts that MERS

8    cannot enforce the subject note because it is not a proper party entitled to enforce the obligation, and

9    that the note in unenforceable because the deed of trust and the note have been split. In her complaint

10   (doc. #1-2), she alleges six of her eleven claims for relief against MERS, including; (1) breach of

11   contract, (2) breach of the implied covenant of good faith and fair dealing, (3) quiet title, (4)

12   declaratory relief, (5) a violation of NRS 598.092, and (6) a violation of NRS 598.0923.

13   **Motion To Dismiss**

14          MERS argues that the complaint should be dismissed against it because "each claim for

15   relief...is premised upon the demonstrably false theory that MERS, as a beneficiary to the deed of

16   trust, does not have authority or standing to foreclose under Nevada law," and the widely rejected

17   "split the note" theory. (Doc. #16). Further, it asserts that several of plaintiff's claims do not pertain

18   to MERS, as it was not a party to the loan modification agreement and the complaint does not

19   contain any allegations linking it to the agreement.

20          Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails

21   to state a claim upon which relief can be granted. Dismissal may be based on the lack of a cognizable

22   legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Navarro*

23   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

24   (9th Cir. 1988). In order for a plaintiff to survive a 12(b)(6) motion, she must "provide the grounds

25   for [] entitlement to relief [which] requires more than labels and conclusions. *Twombly,* 550 U.S.

26   544, 547.

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1

### A.    Contractual Claims

2    Plaintiff's first and second claims deal with the loan modification agreement between

3  plaintiff and defendant Litton. In her first claim, she asserts that she "performed her obligation under

4  the contract," by "never miss[ing] a payment" and "never [being] late." *Id.* She alleges that

5  defendants "have failed to honor their obligation under the contract," and that they refused to accept

6  payment when she "refused to sign a materially different agreement." *Id.*  In her second claim for

7  breach of the implied covenant of good faith and fair dealing, she contends that defendants had bad

8  faith when they tried to "bully the [plaintiff] into executing a material[ly] different contract from the

9  modified and recorded contract." *Id.* Despite the fact that there are no factual allegations linking

10 MERS to the modification agreement at issue, plaintiff asserts both of these claims against it.

11    First, plaintiff does not plead any facts demonstrating that MERS breached the agreement or

12 even was a party to the agreement. The only defendant she alleges was a party to the agreement was

13 defendant Litton. Therefore, as MERS was not a party to the modification agreement, it cannot be

14 found to have breached the agreement. *See Vargas v. Calif. State Auto Ass'n Inter-Insurance Bureau,*

15 788 F. Supp. 462 (D. Nev. 1992) (agent of company not liable for breach of contract because it is

16 not a party to the contract).

17    Second, as plaintiff is unable to establish the first element of breach of the implied covenant

18 of good faith and fair dealing, that "the plaintiff and defendant were parties to a contract," this claim

19 cannot survive. *Hilton Hotels v. Butch Lewis Prods.,* 107 Nev. 226, 232, 808 P.2d 919, 922 (1991).

20 The only agreement that plaintiff mentions in her second claim is the modification agreement, and

21 as previously discussed, MERS was not a party to the agreement and the complaint contains no

22 factual allegations that MERS acted in bad faith. Moreover, plaintiff clearly states that only

23 defendant "[Litton] has not acted in good faith and [has] breached the [modification] agreement."

24    Thus, as MERS was not a party to the agreement and there are no allegations that MERS

25 acted with the requisite "bad faith," plaintiff's first and second claims are dismissed against

26 defendant MERS.

27

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1

**B.    Quiet Title**

2        In an action for quiet title in Nevada, NRS § 40.010 requires "[a]n action...be brought by any

3    person against another who claims an estate or interest in real property, adverse to him, for the

4    purpose of determining such adverse claim." In a claim for quiet title the burden of proof rests with

5    the plaintiff to prove a good title in himself. *Breliant v. Preferred Equities Corp.,* 918 P.2d 314, 318

6    (Nev. 1996). Further, an action for quiet title should be dismissed where plaintiff's claim "is not

7    based on a cognizable legal theory." *Elias v. HomeEQ Servicing,* 2009 WL 481270.

8        In plaintiff's eighth claim for relief, she asserts that defendants "have failed to maintain and

9    perfect their security interest, impairing the value of the collateral, [by] splitting the [n]ote from the

10   [d]eed of [t]rust rendering the [n]ote unenforceable." (Doc. #1-2). Further, she contends that her

11   "obligation has been paid and no money is owed or now due." As plaintiff is basing her quiet title

12   claim on the "split the note" theory, which has been rejected by many courts with regards to non-

13   judicial foreclosures such as this, it cannot survive.

14       *In re Mortgage Elec. Registration Sys. Litig.,* 2010 U.S. Dist. LEXIS 106345 (D. Ariz 2010)

15   held that splitting the note "does affect the parties' legal rights," but it also stressed the fact that "the

16   situation in the cases before the court differ in one important respect: they concern *non-judicial*

17   *foreclosures under Nevada law.*" As such, the court held that defendants "do not need to produce the

18   note to the property in order to proceed with non-judicial foreclosure." *Id. (citing Urbina v.*

19   *Homeview Lending, Inc.,* 681 F. Supp. 2d. 1254 (D. Nev. 2009); *See also Gonzalez v. Home*

20   *American Mortgage Corp.,* Case No. 2:09-cv-00244, slip op. At 7-9 (MERS and successor trustee

21   have the power to initiate non-judicial foreclosure without presenting the note).

22       Since defendant MERS need not produce the note to the property in order to proceed with

23   a non-judicial foreclosure, and plaintiff's quiet title claim is premised upon her contention that it

24   does, this claim is dismissed against defendant MERS.

25       **C.    Declaratory Relief**

26       In plaintiff's ninth claim for declaratory relief against all defendants, she asks the court to

27   declare that the notice of default was wrongfully recorded, the modification is valid and enforceable,

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    Litton is not the real party in interest and does not have rights as holder in possession of the note, the

2    note and the deed of trust have been split rendering the note unenforceable, and that Mandalay

3    Mortgage is the only party that has the right to enforce the note. (Doc. #1-2). However, since the only

4    claim relating to defendant MERS is the one dealing with splitting the note, the court need not

5    address the others.

6         As the court has determined that the "split the note" theory is unfounded and dismissal of

7    it is warranted, and since declaratory relief "does not create a substantive cause of action," plaintiff's

8    derivative claim for declaratory relief against MERS is dismissed. *Urbina,* 681 F. Supp. 2d. 1254;

9    *Stock West, Inc. v. Confederated Tribes of Coville Reservations,* 873 F.2d 1221, 1225 (9th Cir.

10   1989).

11        **D.      Claims Under Nevada Revised Statutes**

12        Plaintiff's eleventh claim is for violations of NRS 598.092 and 598.0923 against defendants

13   MERS, Litton, Capital Six Funding (previously dismissed from the case), and Mandalay Mortgage.

14   (Doc. #1-2). Plaintiff asserts that defendants have "knowingly, willingly, and

15   intentionally...misrepresented the legal rights, obligations or remedies of the [plaintiff's] rights to

16   the transaction by disguising the real party in interest and/or failing to allocate proceeds paid by a

17   third party to set off the obligation owed by the [p]laintiff," in violation of NRS 598.092. *Id.* Further,

18   plaintiff contends that defendants "used coercion, duress or intimidation in a transaction, [that it] was

19   foreseeable that [p]laintiff would have to engage the services of an attorney to defend her rights to

20   a foreclosure action," and that they "threatened and then filed a [n]otice of [d]efault against [her]

21   property if she would not sign another [m]odification [a]greement," in violation of NRS 598.0923.

22   *Id.*

23        Defendant MERS argues that plaintiff failed to "allege any factual allegations that MERS"

24   misrepresented plaintiff's rights, and that all of her allegations concerning the loan modification are

25   targeted at Litton. MERS contends that since it never contacted the plaintiff, and plaintiff never

26   alleges that it did, plaintiff cannot claim that it used "coercion, duress, or intimidation" in violation

27   of NRS 598.0923. (Doc. #16).

28

**James C. Mahan**
**U.S. District Judge**

1    In the plaintiff's opposition (doc. #20), she does not address these claims nor MERS' request

2    for dismissal of them. Accordingly, the plaintiff is admitting that the claims do not pertain to

3    defendant MERS, and is consenting to their dismissal. Nevada Local Rule 7-2 ("[t]he failure of an

4    opposing party to file points and authorities in response to any motion shall constitute a consent to

5    the granting of the motion."). Therefore, plaintiff's claims brought under NRS 598.092 and 598.0923

6    are dismissed against defendant MERS.

7    **Motion To Amend**

8    Plaintiff filed a motion to amend her complaint (doc. #27) to add several parties which will

9    "help identify the [r]eal [p]arty in interest, [clarify] claims regarding the who and what authorized

10   the foreclosure of a performing loan[,] and clarify issues surrounding the transaction [of the]

11   parties...and their role in the [p]laintiff's [m]ortgage [l]oan." No opposition was filed, and plaintiff

12   contends that the amended complaint will not prejudice already named defendants. Additionally, the

13   motion (doc. #27) seeks an extension for discovery.

14   Magistrate Judge George Foley, Jr. set a hearing for the motion (doc. #27) for March 3, 2011,

15   at 10:30 a.m. (Doc. #31). Subsequently, the parties entered into a stipulation (doc. #34) for a

16   settlement conference and to stay and extend discovery. Upon granting the stipulation (doc. #35),

17   the court vacated the hearing (doc. #37) set for the present motion, extended the discovery deadline

18   until June 6, 2011, and allowed the defendants 14 days from the conclusion of the settlement

19   conference to file an opposition to the present motion (doc. #27). A settlement conference was held

20   on March 28, 2011, but no settlement was reached. (Doc. #40). Pursuant to the court's order (doc.

21   #35), defendants had 14 days from that date to file an opposition, yet failed to do so.

22   As the request for an extension of the discovery deadline was addressed in the stipulation

23   signed by the court (doc. #35), and discovery was extended through June 2011, the court need not

24   address the discovery issue here. With regards to the amended complaint, since the defendants have

25   not opposed it, and the court finds that the addition of the parties would not "cause undue prejudice,

26   [and] would [not] constitute an exercise in futility," the court is inclined to grant plaintiff leave to

27   amend her complaint. *See Janicki Logging Co. v. Mateer,* 42 F.3d 561, 566 (9th Cir. 1994).

28

**James C. Mahan**
**U.S. District Judge**

1     Accordingly,

2     IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Mortgage

3  Electronic Registration Systems, Inc.'s motion to dismiss plaintiff's complaint (doc. #16) be, and

4  the same hereby is, GRANTED.

5     IT IS THEREFORE ORDERED that plaintiff's first, second, eighth, ninth, and eleventh

6  claims for relief be, and the same hereby are, DISMISSED against defendant MERS.

7     IT IS FURTHER ORDERED that plaintiff's motion to amend complaint (doc. #27) be, and

8  the same hereby is, GRANTED.

9     IT IS THEREFORE ORDERED that plaintiff file and serve her amended complaint to

10  include the additional parties.

11     DATED May 31, 2011.

12

13

14  **UNITED STATES DISTRICT JUDGE**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -